UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:19-CR-90-HAB |
| | ) | |
| SAID EL-KHATIB | ) | |

**OPINION AND ORDER**

Defendant Said El-Khatib ("El Khatib") requests compassionate release to attend his niece's funeral. El-Khatib notes that he received an above guidelines sentence and raises disparity in sentencing as a justification for his release. But issue exhaustion prevents this Court from considering his niece's funeral as a basis for release, and the sentence he received from the Court is not extraordinary and compelling. Rather, as this Court has opined, he received an above-guideline sentence because of his own conduct. El-Khatib thus does not provide an extraordinary and compelling reason for his release, and his Motion for Compassionate Release (ECF No. 179) will be DENIED.

### I.  Factual Background

El-Khatib is serving a 60-month sentence for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The Court recounted the facts and procedural history of this case in its previous Opinion and Order (ECF No. 171) denying his motion to vacate his conviction and sentence under 28 U.S.C. § 2255:

> In July 2018, Alcohol, Tobacco and Firearms agents (ATF) in New York City received an anonymous tip that El-Khatib had expressed a desire to kill a NYPD officer. The tipster reported that El-Khatib was driving a white Dodge Challenger and had a firearm in the glovebox of the car. NYPD officers located the Dodge Challenger in Bronx, New York, and conducted a traffic stop. El-Khatib was the driver and had two active arrest warrants and a suspended license. Officers located a loaded Springfield Armory Model 1911, .45 caliber pistol inside the vehicle. ATF conducted a trace of the firearm and connected it to one of El-Khatib's younger

brothers in Indiana. Officers also learned that El-Khatib and his brothers lived at an address on Harrison Street in Fort Wayne, Indiana.

While in the NYC Department of Correction, El-Khatib made several phone calls to his brothers instructing them to sell the firearms he had in his bedroom in Fort Wayne so that he could pay a New York attorney. Based on the New York investigation and the jail calls, police in Fort Wayne executed a search warrant at El-Khatib's residence. El-Khatib's brothers, Mahmood and Amir, and his father were present. Recovered from the house were several AR type rifles in Mahmood's room, additional firearms in Said's brother Adham's room (not present at the search), more firearms throughout the house, a large amount of ammunition, and cell phones. The search also uncovered stolen police equipment, including uniforms, light bars, and identification.

After the search of his residence, El-Khatib continued his jail calls to his brother. In one call, El-Khatib contacted Mahmood and requested that he "claim" the guns and get them back because they were valuable.

El-Khatib was prohibited from possessing any firearms or ammunition given his April 2006 sentence for felony criminal recklessness in Allen County, Indiana. This led to a Fort Wayne grand jury returning a three-count indictment against El-Khatib and two of his brothers on October 23, 2019. El-Khatib agreed to plead guilty to Count 1 pursuant to a written plea agreement in exchange for the government's low-end recommendation. The plea agreement contained an appellate waiver precluding El-Khatib from appealing his conviction or sentence on any ground other than a claim of ineffective assistance of counsel.

A draft presentence report (PSR) was prepared and filed. El-Khatib's attorney, Michelle Kraus (Attorney Kraus), prepared and filed five factual objections to the report. The probation officer prepared an addendum to the PSR recognizing that most of the Defendant's objections were non-guidelines related but indicating that revisions sufficient to resolve counsel's objections were made to the report. At a status conference, the Court overruled the remaining two objections finding that the PSR contained accurate information. After resolving the objections, the final PSR reflected a total offense level of 13 and a criminal history category of VI corresponding to an advisory guideline range of 33-41 months.

At sentencing both the Government and Attorney Kraus sought a low-end sentence. Although the Court noted that the plea agreement called for a low-end guideline sentence, it concluded that El-Khatib's demonstrated and chronic lack of respect for the law justified a higher sentence. El-Khatib had amassed a record-breaking (in this Court) criminal history score of 26 points – double the amount required for the highest criminal history category – and he had done so even though eight of his cases did not receive points under the guidelines. Also concerning, the Court found that El-Khatib appeared to have a dangerous fixation with the police given his possession of stolen police equipment and the facts of his New York case where he

2

> allegedly threatened to kill a police officer. Based on these factors, the Court varied upward and sentenced El-Khatib to 60 months imprisonment to run consecutive to his undischarged terms of imprisonment in various state cases.

(ECF No. 171) (citations omitted). El-Khatib now seeks compassionate release noting the above-guidelines sentence he received and disparity in sentencing.

**II.     Legal Standard**

Generally, sentences imposed in federal criminal proceedings are final and may not be modified. 18 U.S.C. § 3582(c). Yet 18 U.S.C. § 3582(c)(1)(A) provides a narrow exception to the general prohibition:

> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . .
>
> . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

*Id.* The defendant bears the burden of establishing his entitlement to relief under 18 U.S.C. § 3582(c)(1)(A). *See United States v. Gold*, 459 F. Supp. 3d 1117, 1119 (N.D. Ill. 2020).

The first hurdle for a defendant who moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A) is to identify "extraordinary or compelling reasons [that] warrant such a reduction." *Id.* Such a reduction must also be "consistent with applicable policy statements issued by the Sentencing Commission. *Id.* If the defendant fails to provide extraordinary and compelling reasons for a reduction, the Court's analysis ends there. *United States v. Ugbah*, 4 F.4th 595, 598 (7th Cir.

2021). But if the defendant can prove an extraordinary and compelling reason, the Court must then consider the factors under 18 U.S.C § 3553(a) to determine whether a sentencing reduction is truly warranted. *United States v. Thacker*, 4 F.4th 569, 574-76 (7th Cir. 2021).

### III.     Discussion

Where, as here, the Defendant, not the Director of the BOP, files the motion for compassionate release, the Defendant must first show that he has satisfied the statutory exhaustion requirement by requesting compassionate release from the warden at his facility. Issue exhaustion is required; that is, a defendant cannot exhaust his administrative remedies on one ground and then sue in district court on another ground. *United States v. Williams*, 987 F.3d 700, 703-04 (7th Cir. 2021). The purpose of this requirement is to allow the Bureau of Prisons an opportunity to evaluate issues before they are brought to federal court. *Id*. That said, the Court's consideration is limited by the scope of the Defendant's request to the warden. Here, that means the Court can only consider the issues that El-Khatib raised in his request to the warden (ECF No. 179-1). The issues he mentions in the warden's request were simply his above-guideline sentence and the sentencing disparity among other inmates with which El-Khatib is housed. Neither reason—alone or in combination—provides an extraordinary and compelling basis for his release.

In his request to the warden, El-Khatib states that "[t]here is a huge disparity in my sentence, as I was given above my guidelines" and his time in prison "has been exceptionally more punitive and more difficult than most." (ECF No. 179-1). His request does not mention his niece's passing or her funeral, despite his mention of her in his motion, so the Court cannot consider that as a basis for release. While the Court recognizes that El-Khatib's sentence was above guidelines, it has repeatedly informed him why such a sentence was justified. And while his time in prison may not have been ideal, El-Khatib provides no basis for the Court believe it was tougher than that of the average inmate. With this in mind, he has not proffered an extraordinary and compelling

4

basis for his release.

Indeed, the Court again reminds Defendant of the reasons for his above-guideline sentence. "The sentencing problem for El-Khatib was…caused by…his own conduct scoring him 26 criminal history points." (ECF No. 171 at 7). At sentencing, "[t]he Court highlighted the disturbing nature of…Defendant's prior convictions which included destructive behavior, threats of physical harm to others, invasion of privacy, attempted arson, and false reporting to police. When this history was coupled with El-Khatib's unlawful possession of a firearm, the Court was 'extraordinarily troubled.'" (*Id.*). That said, his above-guidelines sentence and the disparity among other inmates with which he is housed are not extraordinary and compelling reasons either.

Simply put, El-Khatib's motion fails to establish an extraordinary and compelling justification for his release. Having found that he does not meet this threshold, the Court need not address the factors under 18 U.S.C § 3553(a).

**IV.    Conclusion**

For these reasons, Defendant's Motion for Compassionate Release (ECF No. 179) is DENIED.

SO ORDERED on March 5, 2025.

                                            s/ *Holly A. Brady*
                                            CHIEF JUDGE HOLLY A. BRADY
                                            UNITED STATES DISTRICT COURT